## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. PAYNE, | ) | CASE NO. 5:15-cv-2253 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ALISON McCARTHY, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is a § 1983 action brought by Michael A. Payne ("plaintiff" or "Payne") claiming that his constitutional rights were violated because of an alleged defect in a criminal indictment upon which he was convicted. (Doc. No. 1 ["Compl."].) For the reasons that follow, plaintiff's complaint is dismissed.

**A. Background**

Pro se plaintiff Michael A. Payne is a state prisoner in the custody of the Ohio Department of Rehabilitation and Correction, having been convicted pursuant to a jury verdict in the Summit County Court of Common Pleas of one count of felonious assault, two counts of domestic violence, and one count of violating a protective order. The Ohio court of appeals affirmed his convictions and sentence, and the Ohio Supreme Court denied leave to appeal.

Plaintiff subsequently sought habeas relief from his convictions pursuant to 28 U.S.C. § 2254. *Payne v. Sheldon*, Case No. 5:12-cv-1354 (N.D. Ohio 2012). In that case, Payne alleged that his convictions were void because they were based upon an indictment that was

invalid because the indictment was not properly endorsed as a "true bill" by signature of the grand jury foreman. Judge Nugent dismissed plaintiff's habeas action because "it is well established that allegations of technical defects in the indictment fail to state a claim for federal habeas corpus relief." *Payne v. Sheldon*, No. 5:12-cv-1354 (N.D. Ohio Oct. 16, 2012). The Sixth Circuit Court of Appeals denied Payne's request for a certificate of appealability, finding that reasonable jurists would not debate the district court's dismissal of Payne's habeas petition. *Payne v. Sheldon*, No. 12-4315 (6th Cir. May 3, 2013). The United States Supreme Court denied Payne's petition for a writ of certiorari. *Payne v. Sheldon*, 134 S. Ct. 1795, 188 L. Ed. 2d 763 (2014) (petition for rehearing denied, *Payne v. Sheldon*, 135 S. Ct. 17, 189 L. Ed. 2d 869 (2014)).

In the instant action, brought pursuant to 42 U.S.C. § 1983, Payne claims that his constitutional rights were violated by the judge in his state criminal case, the prosecutor, the assistant prosecutor, the warden and former warden of the correctional institution in which he is incarcerated, and the Director of the Ohio Department of Rehabilitation and Correction, based upon the same alleged technical defect in his indictment that he challenged in his habeas petition. Plaintiff seeks a declaration that the "acts and omissions described herein violate his rights under the Constitution and laws of the United States," $600 million dollars in compensatory damages, and $600 million dollars in punitive damages. (Compl. at 21-22.[1]).

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.

**B. Discussion**

Pro se pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, federal district courts are required under 28 U.S.C. § 1915(e)(2)(B) to dismiss sua sponte any in forma pauperis action that the court finds is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Similarly, 28 U.S.C. § 1915A requires federal district courts to screen and dismiss before service any complaint in which a prisoner seeks relief from officers or employees of a governmental entity that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).[2]

The plaintiff's complaint must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for at least two reasons. First, the Supreme Court held in *Heck v. Humphrey*, that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . , a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has

---

[2] Due to the disposition of plaintiff's complaint prior to service of the complaint, the plaintiff's request for an entry of default (Doc. Nos. 4 and 5) lacks merit and would be inappropriate.

*not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (emphasis in original). Nothing in the plaintiff's complaint suggests that the state convictions he contends are unconstitutional have been invalidated as described in *Heck*. To the contrary, the plaintiff's pleading makes clear that his criminal convictions have been upheld and that his claims regarding the constitutionality of his indictment and convictions have been rejected. Accordingly, under *Heck,* the plaintiff has not alleged a cognizable claim for damages under § 1983.

Second, in order to state a claim for relief under § 1983, a plaintiff must allege the deprivation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (citations omitted). In denying the plaintiff a certificate of appealability in his habeas case, the Sixth Circuit concluded that plaintiff's allegations regarding constitutional violations with respect to a technical defect in his indictment and subsequent convictions failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). These same allegations form the basis for Payne's § 1983 action, and as explained

4

above, do not constitute a constitutional violation. Thus, even if *Heck* did not bar his action, plaintiff's complaint fails to state a claim for relief under § 1983, and must be dismissed.[3]

**C. Conclusion**

> For all of the reasons stated above, the plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and is dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies that, pursuant to 28 U.S.C. §1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 29, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court also notes that the judge and prosecutors in the plaintiff's state criminal case would be immune from an action for damages under section 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) (discussing prosecutorial immunity); *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997) (discussing judicial immunity).